EDUVIGIS RODRÍGUEZ CINTRÓN, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. JOAQUÍN CORREA SUÁREZ, JUDGE, Respondent. DOLORES SANTIAGO FERRER, Intervener.

No. 13. Argued May 9, 1949.—Decided December 23, 1949.

*Diego O. Marrero* for petitioner. *F. Hernández Vargas, E. Rodríguez Otero* and *Marcos A. Ramírez,* for intervener.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

We issued the writ of certiorari to review an order of the lower court allowing Dolores Santiago Ferrer to intervene in an action of unlawful detainer filed by Eduvigis Rodríguez Cintrón against Erasmo Torres.

From the record before us it appears that on July 19, 1948 [1] Dolores Santiago Ferrer instituted a civil action against Eduvigis Rodríguez Cintrón to have the latter convey to him the title to a lot of 200 square meters described in the

---

[1] According to the complaint in intervention, the complaint in the civil action was filed on *June 29,* 1948, and amended on July 19 of that same year.

complaint, alleging that he had bought the lot by deed number 64 executed on July 12, 1944 before notary Pablo Juan Toro, with money belonging to the conjugal partnership of the plaintiff and his wife Ana Negrón Muñiz, defendant being made to appear as the true purchaser of the property for the purpose that she be the depositary thereof and retain it for the plaintiff and his conjugal partnership, with the understanding that it would be returned and the title conveyed to the plaintiff as soon as he requested it; that having repeatedly requested the defendant to do so, the latter refused to return said property and to convey the title; that with money also belonging to the conjugal partnership plaintiff had built on said lot a concrete, single-story house, the deed of construction being pending execution; that the value of the lot was not less than $1,100 at the date of the filing of the complaint and that from the time the lot was purchased and the house built, plaintiff had been in public, peaceful, and continuous possession of said property, executing all kinds of acts of possession and ownership and receiving its rentals and benefits.

On August 19, 1948 Eduvigis Rodríguez Cintrón—the defendant in the action previously adverted to—instituted an action of unlawful detainer at sufferance against Erasmo Torres, alleging that she was the owner of a lot of 200 meters, also described in the complaint, and of a zinc-roofed frame house, built thereon which property was occupied by defendant Torres without paying any rental or compensation for said occupancy and against plaintiff's will who, according to the complaint requested him on various occasions to draw a lease contract, to which Torres had refused, as well as to vacate and leave the property at plaintiff's disposal. It was alleged that the lot belonged to the plaintiff pursuant to deed number 64 executed in her favor before notary Pablo Juan Toro (the year was not indicated) by Deogracias Viera Sosa and his wife, said deed being recorded in the registry of prop-

erty; and that the house also belonged to the plaintiff according to statement of construction made by her in deed number 8 of July 2, 1948 before notary Diego O. Marrero, also recorded in the registry of property.

On August 27, 1948 Erasmo Torres answered the unlawful detainer complaint, denying the facts alleged therein and setting up several special defenses. Furthermore, he alleged the following: "The defendant entered into a month-to-month lease contract, for an indefinite period of time, and for a monthly rental of $30, with Mr. Dolores Santiago Ferrer, whom together with his wife, Ana Negrón Muñiz, he has recognized at all times as the only and absolute owner of the premises involved in this suit, which lease contract has been kept punctually, having paid the rentals corresponding to the monthly instalments due."

On that date Dolores Santiago Ferrer requested leave to intervene in the action of unlawful detainer, joining to his motion to that effect a complaint in intervention. He substantially reproduced therein the allegations contained in his amended complaint in the civil action against Eduvigis Rodríguez Cintrón to which we have referred above, and furthermore alleged that as the sole owner of the lot and house described in the unlawful detainer complaint, he had leased said property to the defendant Erasmo Torres by virtue of a month-to-month contract and for an agreed rental of $30 monthly, and that the contract was being kept punctually without disturbance by any person whatever, not even Eduvigis Rodríguez Cintrón, until after he had instituted the civil action referred to against the plaintiff in the unlawful detainer suit.

Plaintiff objected to the intervention requested and upon a hearing being set, the parties applied by stipulation for a continuance of the unlawful detainer trial "until after the Court decides the questions of law raised in said motion to intervene".

The lower court entered an order admitting the complaint in intervention. The lower court stated, in part, the following:

"In the proposed complaint in intervention the intervener alleges that he is the sole owner of the lot and house involved in this unlawful detainer suit. (See paragraph 7 of the complaint in intervention). The intervener joins to his proposed complaint in intervention a certified copy of his complaint in Civil case No. 8289. The latter complaint was filed on July 19, 1948, that is, just one month prior to the filing of the unlawful detainer complaint. The intervener likewise alleges that he has had at all times the possession and ownership of said lot and house ever since he bought the former and built the latter, publicly and peacefully without any physical or legal interruption whatever, executing over his said property all the acts of possession and ownership inherent to his right and title, without having been disturbed in the enjoyment and use of said property by any person whatever and especially by Eduvigis Cintrón who at no time executed any act of possession or ownership over said property.

"The mere fact that the intervener had filed an independent suit against the plaintiff herein would not be enough to move us to consider his connection with the property involved in this case as sufficiently strong to give color of title to his allegation. What impresses us greatly and what we deem should be clarified by evidence is the intervener's allegation, under oath, to the effect that he was the one who bought the lot from Deogracia Viera Sosa and wife with the understanding or agreement with the plaintiff herein of recording the property in her name and that plaintiff would return it to the intervener when requested to do so. The intervener furthermore alleges that it was he who built the house which today exists on the lot. In our judgment it is evident that the act of constructing a house requires compliance with certain requisites which if conclusively established by the evidence, would clearly uphold the intervener's title to at least the house.

"We are not settling now the title which the intervenor claims to the property involved herein; we only hold that from the face of the allegations a claim of title rises, with sufficient strength, which if conclusively established by the evidence,

would undoubtedly nullify the unlawful detainer proceeding instituted by the plaintiff."

Petitioner maintains in short, that the lower court erred in admitting the complaint in intervention inasmuch as no sufficient title or color of title was claimed therein which would give rise to a conflict in recorded plaintiff's title and that for this purpose it would be necessary to allege that the title to be opposed appeared in an unquestionable document.

■ We have held that in an action of unlawful detainer at sufferance based on the plaintiff's right to the possession of the property as owner, the lessee may not set up the title of his lessor to oppose plaintiff's title, as the disturbance, occasioned to the lessee in the enjoyment of the property is an *indirect* trespass which can be opposed only by the lessor. *Casals* v. *Dumas*, 62 P.R.R. 712. For this purpose the latter should be permitted to intervene in the unlawful detainer proceeding if he so requests.

In the case at bar, defendant Torres in his answer as well as the intervener Santiago Ferrer in his complaint in intervention alleged that Torres was enjoying the property as Santiago Ferrer's lessee under a lease contract executed by both. It was therefore incumbent on the lessor and not on the lessee to oppose the indirect trespass. Are the allegations of his complaint, as to the title to be opposed to that of plaintiff, enough to allow his intervention?

■ In *Nieves* v. *Ayala*, 66 P.R.R. 742, we said that "Whether the plaintiff is the sole and absolute owner of the farm in question or whether he is a mere trustee, holding his present title for the benefit of the defendants. . .is a question which involves a conflict of titles that can not be decided in an unlawful detainer proceeding." This rule is likewise applicable to cases like the one at bar in which not the defendant but the intervener in the unlawful detainer suit is the one claiming as his the title held by the plaintiff, since it is incumbent on the intervener to contest the disturbance in

the enjoyment occasioned by said suit, and to allege that he is the beneficiary in the trust held by the plaintiff in the unlawful detainer suit.

 There can be a conflict of titles only when the defendant claims a title of ownership which tends to justify that his possession of the property is not as lessee, administrator, guardian of the realty or that he is enjoying the property *in precarium*, that is, without title, by the tolerance of the owner and without paying any rental or consideration whatever. *Cruz* v. *Sanz*, 67 P.R.R. 160. It is obvious that when it is incumbent on the lessor to oppose the disturbance, because it is an indirect trespass, and in his complaint in intervention he alleges that the plaintiff holds title as his trustee, setting forth the circumstances under which the trust was constituted, said complaint is sufficient to permit his intervention because it shows a right of the intervener opposed to plaintiff's claims in the main action. *Carrasquillo* v. *Ripoll, Montalvo, Int.*, 56 P.R.R. 301.

 As to the lot, although it is admitted that in the deed of sale the plaintiff appears as the purchaser thereof, such a fact, however, would not bar the intervener, under allegations that the plaintiff holds said title for the benefit of the intervener, from establishing his title thereto and defeating plaintiff's claims. See *Heirs of Pedroza* v. *Martínez*, 64 P.R.R. 5. As to the house, the allegation to the effect that it was built by the intervener with money belonging to his conjugal partnership with his wife is sufficient to create a true and genuine conflict of title. *Heirs of Pedroza* v. *Martínez, supra*.

For the reasons stated, we conclude that the lower court did not err in admitting the complaint in intervention.

The writ will be discharged.